# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 9:14-CV-80817-RLR

IBERIABANK,                                          Bankruptcy Case No:
                                                     09-38395-EPK
        Appellant,

v.

BRADFORD GEISEN &
FFS DATA, INC.,

        Appellees.

_____/

### OPINION AND ORDER

This matter is before the Court upon Appellant's Initial Brief [DE 10] on its appeal of the
Bankruptcy Court's *Order Granting Motion to Reopen Case and Denying Motion of
IBERIABANK* (for Determination that Confirmation Order and Discharge Injunction Do Not
Release Mannino Guaranty Claim Against Non-Debtor Bradford R. Geisen Regarding
Obligation that has No Connection to the Debtors' Estates) and *Memorandum Opinion on
Motion of IBERIABANK*, both entered on May 8, 2014.  The Court has considered Appellant's
Initial Brief, Appellees' Answer Brief, all supporting and opposing filings, and the record in this
case.  For the reasons set forth below, the Court affirms the Bankruptcy Court's order.

### I.      BACKGROUND

This case stems from a Chapter 11 bankruptcy petition filed by Appellee FFS Data on
February 23, 2009.[1]  DE 2-1.  Appellant Iberiabank was a creditor of FFS Data because FFS

---

[1] The background of this case has been extensively chronicled in a published opinion by the Eleventh Circuit Court
of Appeals.  *See Iberiabank v. Geisen*, No. 14-11473 (11th Cir. Jan. 23, 2015) (selected for publication).
Accordingly, the facts of this case are only briefly summarized.

Data was a guarantor for a loan between Iberiabank and a third party (the "Siena Loan"). DE 2-10. FFS Data was not the only guarantor—Appellee Bradford Geisen was an individual guarantor for the Siena Loan as well. *Id.*

During the course of bankruptcy proceedings, a plan of reorganization was circulated that contained the following language: "In exchange for releasing the Insider Claims totaling $1,000,817.30, and providing the New Value Payment, all holders of Claims agree to a general release of Bradford Giesen." DE 2-5 at 37. The term "Claim" was broadly defined:

> ***"Claim"*** shall mean (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; (c) without limiting the generality of the foregoing, all Administrative Claims, Priority Claims, Secured Claims, and Unsecured Claims.

*Id.* at 10.

The proposed plan was confirmed with no objections (the "Confirmed Plan"). DE 3 at 19-22. No party appealed the Confirmed Plan. DE 2-1. Slightly over a year after the Confirmed Plan was entered by the Bankruptcy Court, Iberiabank commenced collection efforts in state court against the guarantors of the Siena Loan. DE 2-10 at 7. The guarantors sued by Iberiabank included Appellee Bradford Geisen. *Id.* When Mr. Geisen responded in Iberiabank's state court action by arguing his guaranty of the Siena Loan had been released by virtue of the Bankruptcy Court's entry of the Confirmed Plan, Iberiabank petitioned the Bankruptcy Court to determine whether Mr. Geisen's liability as a guarantor had, in fact, been released. *Id.* at 7-8. The Bankruptcy Court ruled that Mr. Geisen's liability had been released pursuant to the language cited above and Iberiabank appealed. DE 2-12 at 86.

2

The Bankruptcy Court's decision was affirmed by the district court. *Iberiabank v. Geisen*, No. 13-CV-80635 (S.D. Fla. Mar. 3, 2014). Iberiabank then appealed to the Eleventh Circuit Court of Appeals. *Id.* In a published opinion, the Eleventh Circuit affirmed the Bankruptcy Court's decision in *Iberiabank v. Geisen*, No. 14-11479 (11th Cir. Jan. 23, 2015) (hereinafter "*Iberiabank I*"). In that appeal, the connection between the Siena Loan and the underlying bankruptcy was, at least, apparent. *See id.* at 15-16. Iberiabank has brought the instant appeal under different factual circumstances as described below.

Mr. Geisen guaranteed to Iberiabank other loans besides the Siena Loan. *See* DE 3 at 4-6. The loan that is the focus of this appeal was between Iberiabank and another third party, the Mannino Trust. *See id.* It would appear from the record that the Mannino Trust loan had no concrete connection to FFS Data, the Siena Loan, or any other factual matter that gave rise to the proceedings in the Bankruptcy Court. *See id.* Instead, the only connection the Mannino Trust loan has with the Parties and the proceeding below is that: (i) Iberiabank made the loan,[2] (ii) Mr. Geisen guaranteed the loan, (iii) both Iberiabank and Mr. Geisen were parties in the proceeding below, and (iv) in the proceeding below Mr. Geisen received a general release from all holders of claims. *See id.*

Although Iberiabank raises a number of arguments on appeal, virtually all of Iberiabank's arguments were disposed of by the Eleventh Circuit in *Iberiabank I* which was published shortly after Iberiabank's Reply Brief was filed in this case. As a result, the only issue of substance that remains for this Court to decide is whether the loan at the center of this appeal, the loan between Iberiabank and the Mannino Trust, is sufficiently distinguishable from the loan analyzed by the

---

[2] The originator of the note was a predecessor-in-interest. For the sake of simplicity, this nuance is omitted from this Opinion and Order.

Eleventh Circuit in *Iberiabank I*, the Siena Loan, to warrant a different outcome than the affirmance in that case.

## II.     STANDARD OF REVIEW AND JURISDICTION

Under Federal Rule of Bankruptcy Procedure 8013, a district court reviews the factual findings of a bankruptcy court for clear error.  As for conclusions of law and application of law to the facts of a case, a district court conducts a *de novo* review.  *In re Feingold*, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013).  District court appellate jurisdiction extends to final orders from bankruptcy courts.  28 U.S.C. § 158(a)(1).

When reviewing a bankruptcy court's interpretation of its own order, appellate review in this circuit resembles appellate review under an abuse of discretion standard.  *See Finova Capital Corp. v. Larson Pharmacy Inc.* (*In re Optical Techs., Inc.*), 425 F.3d 1294, 1300 (11th Cir. 2005).

## III.     DISCUSSION

Iberiabank raises four arguments on appeal: (1) whether the Bankruptcy Court erred in concluding that the Confirmed Plan released Mr. Geisen from his personal guaranty of the Mannino Trust loan, given the lack of a factual relationship between the Mannino Trust loan and the bankruptcy proceedings, (2) whether the Bankruptcy Court erred in concluding that the Confirmed Plan was sufficiently specific for the purposes of res judicata, (3) whether the Bankruptcy Court erred in concluding that the Confirmed Plan was sufficiently specific to preclude the consideration of parole evidence, and (4) whether the Bankruptcy Court erred in concluding that the Confirmed Plan was not internally inconsistent and was instead clear and unambiguous.  Because Iberiabank's delineation of the issues conflates, to a degree, the core

4

issues on appeal, Iberiabank's third and fourth arguments are necessarily resolved by the Court's consideration of Iberiabank's first and second arguments.

1. **The Bankruptcy Court's conclusion that the Confirmed Plan released Mr. Geisen from his personal guaranty, notwithstanding the lack of a relationship between the Mannino Trust loan and the bankruptcy proceedings.**

Iberiabank's argument that the Bankruptcy Court erred in concluding that the general release in the Confirmed Plan encompassed Iberiabank's Mannino Trust claims is twofold. First, Iberiabank argues that the Bankruptcy Court erred in concluding that the Confirmed Plan was clear and unambiguous. Second, Iberiabank argues that the Bankruptcy Court erred in concluding that the doctrine of res judicata barred Iberiabank's claims.

With respect to the Bankruptcy Court's interpretation of the language in the Confirmed Plan, the Eleventh Circuit expressly ruled that the language at issue was clear and unambiguous in *Iberiabank I*. *See Iberiabank I* at 8-9. Furthermore, in *Iberiabank I* the Eleventh Circuit rejected every argument that Iberiabank raises in the instant appeal to support the contention that the Confirmed Plan was ambiguous. *See id.* at 8-11. Therefore, with respect to the issue of clarity, the Eleventh Circuit's decision is squarely on point and controlling.

Turning to Iberiabank's res judicata argument, the Eleventh Circuit's opinion in *Iberiabank I*, although it considered an arguably easier set of facts, still compels this Court to affirm the decision below. Res judicata bars litigation of claims that were or could have been raised in a prior action. *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc.* (*In re Piper Aircraft*), 244 F.3d 1289, 1296 (11th Cir. 2001); *see also Iberiabank I* at 12. For res judicata to apply, "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties

5

or their privies; and (4) both cases must involve the same cause of action." *Id.* A bankruptcy court's confirmation order that is final and no longer subject to appeal becomes "res judicata to the parties and those in privity with them." *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 152 (2009) (quotation omitted). Confirmation orders that satisfy the requirements for res judicata are given preclusive effect. *See Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1549-50 (11th Cir. 1990). A reorganization plan that is incorporated into a confirmation order has the same res judicata effect. *See id.* at 1300.

In this case, Iberiabank only contests the fourth prong of res judicata—whether Mr. Geisen's guaranty of the Mannino Trust loan involves the same cause of action as *Iberiabank I*. The Eleventh Circuit has previously explained that "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions." *In re Justice Oaks II*, 898 F.2d at 1551. In *Iberiabank I*, the Eleventh Circuit stated "[t]here is little question . . . that the suit against Mr. Geisen based on the guaranty meets the same transaction requirement." *Iberiabank I* at 16. Much of Iberiabank's argument in the instant case focuses on distinguishing the factual situation of the Mannino Trust loan at issue here, which has no direct connection with the facts of the underlying bankruptcy, and the factual situation surrounding the Siena Loan in *Iberiabank I* where the factual connection between the guaranty and bankruptcy was readily apparent. This argument is not only unpersuasive, but it is also precluded by the Eleventh Circuit's decision in *Iberiabank I*.

Iberiabank's argument on this point is necessarily intertwined with its argument that the Confirmation Order was ambiguous. For example, any conclusion that the Confirmation Order clearly and unambiguously released a *specific claim* necessarily nullifies any argument that the

very same *specific claim* was not a part of the same cause of action or did not arise out of the

same transaction.  The Eleventh Circuit indirectly referenced this in its opinion:

> The plain language of [the general release section] thus unambiguously provides a "general release" of Mr. Geisen for "all . . . claims" by "all Persons" based upon any event prior to the Plan's confirmation. *Our inquiry should end here*.
>
> . . .
>
> Thus, as in *In re Optical*, this case *is not truly about res judicata*, but, rather, the interpretation of a reorganization plan.

*Id.* at 9, 15 (citations omitted) (emphasis added).[3]  Therefore, because of the Eleventh Circuit's

decision in *Iberiabank I*, the Confirmation Plan in this case clearly and unambiguously released

Mr. Geisen from his personal liability under the Mannino Trust loan.  Because the Confirmation

Order clearly and unambiguously released Mr. Geisen from his liability under the Mannino Trust

loan, any claim against Mr. Geisen under the Mannino Trust loan necessarily involves the same

claims that were previously before the Bankruptcy Court.  Therefore, the fourth element of res

judicata is satisfied in this case as a direct result of the Eleventh Circuit's interpretation of the

clarity of the text in the Confirmation Plan.[4]

This conclusion necessarily and logically flows from the Eleventh Circuit's opinion.  For

example, it is difficult to imagine how Iberiabank could argue res judicata would not apply to the

Mannino Trust loan guaranty if the release at issue stated: "Iberiabank hereby releases Mr.

Geisen from his personal liability as a guarantor on the Mannino Trust Loan," but this is,

essentially, what the Eleventh Circuit concluded in finding that the general release in that case

---

[3] A similar argument was pressed by the appellant in a case relied upon by the Eleventh Circuit, *In re Optical Technologies, Inc.* 425 F.3d 1294, 1301-03 (11th Cir. 2005) ("Although appellants stress that this case is not really about res judicata, but the interpretation of the Plan—about which they are quite right—they do challenge the res judicata effect of the confirmation order . . . .").

[4] It could be inferred that Iberiabank would concede this point.  *See* DE 10 at 19 ("The existence of ambiguous language in a plan *coupled with* the absence of specific language can also serve as a basis for finding that 'the same transaction' was not adjudicated for res judicata purposes.") (emphasis added).

was clear and unambiguous.  For all of the foregoing reasons, the Court finds that it must reject Iberiabank's first argument on appeal.[5]

### 2. The Bankruptcy Court's conclusion that the Confirmed Plan was sufficiently specific for the purposes of res judicata.

Iberiabank argues against the application of res judicata in this case on another front— that res judicata should only apply to a non-debtor guarantor, such as Mr. Geisen, when the relevant release is specific (i.e. as in the Court's hypothetical example above).  The Eleventh Circuit squarely rejected this argument in *Iberiabank I*.  Iberiabank's specificity-based argument relied upon a line of Fifth Circuit cases which considered specificity in the context of res judicata, but the Eleventh Circuit "decline[d] to adopt the test from the Fifth Circuit, a test that was articulated in cases decided prior to the Supreme Court's opinion in *Bailey*."  *Id.* at 18. Relying instead upon *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009), the Eleventh Circuit stated:

> In *Bailey*, the Supreme Court held that allowing collateral attacks on a bankruptcy court's order "cannot be squared with res judicata and the practical necessity served by that rule." 557 U.S. at 145. And, as this Court has stated, creditors cannot later "raise objections to the actual terms of the [reorganization plan] or the confirmation order, as these were deemed waived when they failed to object to the confirmation." *In re Optical*, 425 F.3d at 1301.
>
> *Even if we were to apply the Fifth Circuit's test, however, we would conclude that the release was sufficiently specific to release Mr. Geisen.*

*Iberiabank I* at 18 (emphasis added).

Essentially, the Eleventh Circuit held that Iberiabank had the opportunity to object to the language in the release, which it did not exercise, and it had the opportunity to appeal the

---

[5] It necessarily follows that the Court must (i) reject Iberiabank's third argument, that the Bankruptcy Court erred in concluding that the Confirmed Plan was sufficiently unambiguous that parole evidence was unnecessary, and (ii) reject Iberiabank's fourth argument, that the Bankruptcy Court erred in concluding that the Confirmed Plan was not internally inconsistent, as both of these arguments go towards the ambiguity of the Confirmed Plan.

Confirmation Order, which it did not exercise.  Because the Bankruptcy Court's confirmation order therefore became final, the Eleventh Circuit held, under *Bailey*, that Iberiabank could not thereafter argue the interpretation of the Confirmation Order, which was clear and unambiguous, nor could Iberiabank argue against the application of res judicata.  *See id.* at 18-19.  The fact that the Mannino Trust loan has little, if any, factual connection to the bankruptcy at issue in this case is of no import *when the clear and unambiguous terms of the Confirmation Plan apply to Mr. Geisen's liability on the Mannino Trust loan*.  Accordingly, the Court finds that it must reject Plaintiff's second argument on appeal.

## IV.    CONCLUSION

For the reasons set forth above, the Bankruptcy Court's Order Granting Motion for Judgment on the Pleadings and Final Judgment is **AFFIRMED** and Appellant's appeal is **DENIED**.  Although Appellees have filed a Motion to Strike Portion of Appellant's Reply Brief [DE 19], the Eleventh Circuit's decision in *Iberiabank I* rendered the Motion moot by expressly ruling against Iberiabank on the issues that are the focus of the Motion and, as a result, the Motion to Strike [DE 19] is **DENIED AS MOOT**.  The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 13th day of February, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record